UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>KARISSA ANN COURTWAY,<br><br>　　　　　　　　　　　　Defendant. | Case No.:  18-cr-4687-DMS-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE** |

　　　　Pending before the Court is Defendant Karissa Ann Courtway's ("Courtway" or "Defendant") motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 73.)  The Court lacked jurisdiction to grant the motion due to Defendant's pending appeal, *see Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."), but on December 19, 2023, the Court entered an indicative ruling stating that it will grant Defendant's motion if the Ninth Circuit remanded for such purpose.  (Indicative Ruling at 25, ECF No. 81.)  *See* Fed. R. Crim. P. 37(a) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state . . . that it would grant the motion if the court of appeals remands for that purpose . . . ."). On December 21, 2023, the Ninth Circuit entered and served an order on this Court

dismissing Defendant's appeal, which stated: "This order served on the district court acts as the mandate of this court." (Ninth Circuit Dispositive Order, ECF No. 82.) Accordingly, jurisdiction is revested in this Court. *See United States v. Cote*, 51 F.3d 178 (9th Cir. 1995) ("Once a mandate issues, jurisdiction over a criminal case revests in the district court.").

Defendant has now filed an unopposed motion to effect the indicative ruling. (ECF No. 83.) In its indicative ruling, the Court stated:

> [I]f the Ninth Circuit remands . . . for the purpose of considering Defendant's motion, the Court will grant [the] motion to reduce sentence and modify and reduce the length of Defendant's custodial sentence to time served as of the date this Court resumes jurisdiction . . . . All other terms of the original judgment . . . , including the term of supervised release, will remain unchanged. . . . Defendant may move to effect this indicative ruling following the Ninth Circuit's remand to this Court. *See* Fed. R. Crim. P. 37(c) . . . .

(Indicative Ruling at 25, cleaned up.)

Accordingly, for the reasons stated in the Court's Indicative Ruling, the Court now **GRANTS** Defendant's motion to reduce sentence and **HEREBY ORDERS** as follows:

1. Defendant's custodial sentence is **MODIFIED AND REDUCED** to time served as of the date this Order.
2. All other terms of the original judgment against Defendant, including the 5-year term of supervised release, remain unchanged. (*See* Judgment, ECF No. 56.)
3. Defendant shall contact the United States Probation Office by telephone within 72 hours of her release, or on the next business day thereafter.
4. The Clerk shall immediately serve a copy of this Order on the Warden of the federal correctional institution where Defendant is housed.

**IT IS SO ORDERED.**

Date: December 22, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court